UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>ANGEL JOEL DEDIOS,<br><br>    Defendant. | Case No. 1:10-cr-00182-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is defendant Angel Joel Dedios' letter request seeking clarification and dismissal of the Final Order of Forfeiture entered in this matter. Dkt. 641. The Court entered this forfeiture order roughly four years ago, on May 9, 2011. *See* Dkt. 479. For the reasons explained below, the Court will deny defendant's motion to "dismiss" or otherwise "clarify" that order.

### BACKGROUND

In December 2010, defendant Angel Dedios pleaded guilty to conspiring to distribute methamphetamine. In his sealed plea agreement, Dedios agreed to a money judgment of $500,000, for which he is jointly and severally liable. On April 20, 2011, this Court sentenced Dedios to 121 months in prison, to be followed by a five-year term of supervised release. *See* Dkt. 439. Before handing down this sentence, the Court entered

a preliminary order of forfeiture. *See Apr. 12, 2011 Preliminary Order of Forfeiture,* Dkt. 406. This preliminary order became final at sentencing, *see* Fed. R. Crim. P. 32.2(4)(A), and the Court entered an amended judgment specifically referencing the forfeiture order. *See Apr. 21, 2011 Am. Judgment,* Dkt. 452, at 6 ("The defendant shall forfeit . . . [a]t least $500,000 . . . ."). In addition, the Court separately issued a Final Order of Forfeiture. *See May 9, 2011 Final Order of Forfeiture*, Dkt. 479. The United States indicates that, as of March 24, 2015, it had received $18,300, leaving a balance of $480,170. *Mar. 24, 2015 Response Br.*, Dkt. 644.

## DISCUSSION

A forfeiture order is part of a defendant's criminal sentence. *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576 (9th Cir.1989). "District courts do not have inherent authority to resentence defendants at any time." *United States v. Hovsepian,* 307 F.3d 922, 927 (9th Cir. 2002) (*citing United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990)). As a general rule, Federal Rule of Criminal Procedure 35 is the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals. *Id.*

This case is not on remand from the Ninth Circuit and Rule 35 does not help Dedios. It provides only that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Civ. P. 35(a). Dedios does not point to any such error. As a result, the Court will deny Dedios' motion seeking a dismissal of the forfeiture order.

Finally, to the extent Dedios has sought clarification, he does not point to any

particular part of the forfeiture order that requires clarification. The Court will therefore deny this request as well.

## ORDER

**IT IS ORDERED that** Defendant Angel Dedios' letter motion (Dkt. 641) is **DENIED.**

DATED: April 30, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 3