UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL JOEL DEDIOS,<br><br>Defendant. | Case No. 1:10-cr-00182-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Angel Joel Dedios' pro se Motion to Dismiss Judgment of $500,000. Dkt. 651. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In December 2010, Defendant Angel Dedios pleaded guilty to conspiring to distribute methamphetamine. In his sealed plea agreement, Dedios agreed to a money judgment of $500,000, for which he is jointly and severally liable. On April 20, 2011, the Court sentenced Dedios to 121 months in prison, to be followed by a five-year term of supervised release. See Dkt. 439. Before handing down this sentence, the Court entered a preliminary order of forfeiture. *See Apr. 12, 2011 Preliminary Order of Forfeiture*, Dkt.

406. This preliminary order became final at sentencing, *see* Fed. R. Crim. P. 32.2(4)(A), and the Court entered an amended judgment specifically referencing the forfeiture order. See *Apr. 21, 2011 Am. Judgment*, Dkt. 452, at 6 ("The defendant shall forfeit . . . [a]t least $500,000 . . . ."). In addition, the Court separately issued a Final Order of Forfeiture. *See May 9, 2011 Final Order of Forfeiture*, Dkt. 479.

In 2015, nearly four years after the Court imposed sentence, the defendant filed a letter motion asking the court to dismiss or clarify the forfeiture order. *See Feb. 26, 2015 Motion (filed March 9, 2015),* Dkt. 641. The Court denied the motion, explaining that the forfeiture order was part of the sentence and that the Court did not have authority to resentence Mr. Dedios. *See Mar. 30, 2015 Mem. Decision & Order,* Dkt. 648, at 2.

Defendant responded by filing the pending motion to dismiss the forfeiture judgment, this time arguing that his counsel failed to explain the forfeiture. The Court will deny the motion for the same reasons: A criminal forfeiture is part of defendant's sentence and the Court lacks authority to resentence the defendant. *United States v. Hovsepian,* 307 F.3d 922, 927 (9th Cir. 2002) ("District courts do not have inherent authority to resentence defendants at any time." (*citing United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990)). As one court explained, "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).

As a final note, however, the Court offers its apology to Mr. Dedios for allowing this motion to pend for so long. The delay was inadvertent; the Court had a change in

staffing which ultimately caused this Court to be unaware that this particular motion was pending. The Court ruled on the motion as quickly as possible once it was made aware of the need for a decision.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss Judgment of $500,000 (Dkt. 651) is **DENIED.**

DATED: April 17, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge